**STARK & REAGAN, P.C.,**
**Plaintiff/Appellant,**

v.

**NOR–LES SALES, Defendant/Appellee.**

Civ. No. 83–CV–4047–DT.
Bankruptcy No. 81–05549–B.

United States District Court,
E.D. Michigan, S.D.

March 2, 1984.

---

## AMENDED MEMORANDUM AND ORDER ON APPEAL ON THE QUESTION OF COMPENSATION

COHN, District Judge.

This is an appeal from the order of the bankruptcy court of September 12, 1983 awarding appellant $2,500 for services rendered as attorneys for the trustee in the Chapter 11 proceeding in this case and $1,000 for services rendered as attorneys for the interim trustee in the Chapter 7 proceeding which followed the Chapter 11 proceeding. Appellant requested fees of $4,750 for services to the trustee in the Chapter 11 and $1,875 for services to the trustee in the Chapter 7 based on 47½ hours and 18¾ hours of work, respectively, at a rate of $100 an hour. No one opposed the application.

On an earlier appeal from an award of attorney's fees of $2,500 and $850, respectively, I remanded the matter to the bankruptcy court for an explanation. *See* Order of Remand of June 6, 1983. On remand the bankruptcy court, 32 B.R. 900, following an evidentiary hearing, filed an opinion discussing the law applicable to attorney fees applications in some depth, and also reviewed the services rendered by the appellant in some detail. The reduction from the amounts requested resulted primarily from disallowance by the bankruptcy court of hours involving participation by appellant with the trustee at a number of meetings at which the principals of the debtor, their attorney, members of the creditors committee and their attorney were present. It was the bankruptcy court's view that the trustee was perfectly capable of participating in these meetings on his own even though he is not a lawyer. The bankruptcy court did not take exception to the hourly rate requested.

■ I have considerable difficulty with the bankruptcy court's view of how the trustee should have gone about his business, particularly in view of the trustee's testimony at the evidentiary hearing that he specifically requested his attorneys to accompany him to the meetings and that he would have discharged appellants on the spot had they refused. The trustee testified that the disallowed hours were reasonable and necessary. An attorney from the firm which represented the creditors committee also testified to like effect. While I recognize the frequently expressed concern that those who work in the bankruptcy field have a tendency to look after their own, the trustee is, according to the bankruptcy court's own view, a well respected professional, as is the law firm which represented the creditors committee. There is nothing in the record to cast any doubt on their credibility or to suggest that the weight of their testimony should be diminished because of the nature of their principal professional work. I am constrained to hold the bankruptcy court's finding on the disallowed hours was, in light of the record, clearly erroneous in that these hours represent "actual, necessary services rendered", 11 U.S.C. § 330, by appellant.

■ In the remand order I suggested that consideration should be given by the bankruptcy court to an award of fees for the hours expended by appellant on the initial appeal. In response the bankruptcy court said that when an attorney is dissatisfied with a fee award which is not explained, the proper procedure is to request an explanation by a petition for rehearing.

While this use of rehearing is new to me, given the volume of work in the bankruptcy court and the number of fee applications it must deal with, I suppose this way of proceeding is unobjectionable. I will assume, although it is not clear in the record, that appellant knew that this was the preferred procedure. Therefore I will not allow any of the hours spent on the appeals.

This unexceptional application for fees has occupied far too much judicial time and should now be resolved. Whatever the difference between the fees requested by appellant and the "reasonable compensation", 11 U.S.C. § 330, to which they are entitled, the amount, as I view the record, is *de minimus* and therefore the amounts requested will be allowed. Accordingly,

IT IS ORDERED that the order of the Bankruptcy Court September 12, 1983 is modified to read as follows:

> Appellant, Stark and Reagan, P.C. be and is hereby allowed compensation in the amount of $4,750 for services rendered to the Chapter 11 trustee in this matter plus $58 in reimburseable expenses and compensation in the amount of $1,875 for services rendered to the Chapter 7 trustee in this matter. No compensation is allowed for hours expended on appeals to the district court.